(27 App. Div. 133.)

### L. E. WATERMAN CO. v. WATERMAN et al.

(Supreme Court, Appellate Division, First Department.  March 11, 1898.)

INJUNCTION—EVIDENCE.

An injunction should not be granted to restrain defendants from buying pens below the list price from customers of plaintiff, who makes such pens, and sells them to customers under an agreement that they will not retail them below the list price, which agreement was known to defendants, where the only evidence was that defendants, in order to introduce their pens in stores stocked with other kinds of pens, often took part of the dealer's stock in exchange for defendants' pens, and offered such pens to plaintiff at a discount.

Appeal from special term, New York county.

Suit for injunction by L. E. Waterman Company against Arthur A. Waterman and another.  From an order continuing a temporary injunction, defendants appeal.  Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

Robert C. Taylor, for appellants.

Charles M. Demond, for respondent.

RUMSEY, J.  It may be conceded, without deciding, that the contract between the plaintiff and its customers, by which the customers were not to sell its pens at retail below the list price, was a valid one, and not only bound the customers, but gave to the plaintiff the right to restrain persons buying from the customers who, with knowledge of that contract, induced customers to sell at less than the list price, in violation of it.  The plaintiff bases its right to an injunction here upon its claim that the defendants, knowing of this contract, committed this act for the purpose of ruining the business which the plaintiff had built up.  It will be seen that it is essential for the plaintiff to prove the fact that the defendants were purchasing pens from the customers of plaintiff at a price less than that which they had agreed to charge, and, unless it makes that proof, it entirely fails in its case.  The learned justice at the special term who granted this injunction conceded that there was no direct proof on that point, but he thought that from all the facts a reasonable presumption arose that the defendants were making these purchases at less than the list price.  In that we do not agree with him.  No affidavit of any customer is presented upon this motion, and the only facts which are made to appear upon that point are that the plaintiff's president suspected that the defendants were thus purchasing pens at less than the list price, with the object of accumulating a number of these pens, and flooding the market with them at prices less than the plaintiff's prices, so as to injure the plaintiff's business.  He says that this suspicion had grown into a certainty upon the receipt of a letter which the defendants wrote to his company.  This letter, however, contained no indication of any such fact, but was a statement that the defendants, in endeavoring to introduce their pens without making the purchase a matter of hardship to dealers already stocked with fountain pens, had con-

sented in a considerable number of cases to crediting parts of the dealers' stocks, and that, to realize upon the pens so taken, it would be necessary to give a discount. The letter then continued by offering to sell the pens thus taken at a discount of 20 per cent. to the defendants, rather than attempt to put them on the general market. It was inferred by the learned justice at the trial term, from this proposition, that the defendants had taken these pens at less than the list price, because, as he said, it would be a violent presumption that traders voluntarily do a losing business. Without attempting to dispute the fact that there is no presumption of that kind, it must be observed that such a presumption does not necessarily arise in this case. The facts are not before us from which any presumption can arise whether, upon the whole transaction with customers, the taking of the plaintiff's pens at the list price would cause a loss to defendants; or, if it would result in a loss in the particular case, it is impossible to say or even to presume that the defendants would not be willing to incur that loss for the purpose of introducing their own pens. Such acts·on the part of dealers are not unknown, and are sometimes regarded as good business operations, and, in the absence of any proof that the price agreed on between the customer and the defendants was not less than the list price which the customer agreed to take, it is impossible to say that the customer had been induced to violate his contract with the plaintiff. For this reason the injunction should not have been granted.

We have not considered, as we might, the defects in the nature of the testimony offered on behalf of the plaintiff, but in examining the affidavit we have taken for granted that the facts stated in it were within the knowledge of the affiant, although the manner of stating those facts and the nature of the facts themselves render it somewhat improbable that such is the case. But, without considering that matter further, it is sufficient to say that, giving the affidavit of the plaintiff all the probative force claimed for it, it does not establish the essential fact mentioned above, and for that reason the order continuing the injunction is reversed, with $10 costs and disbursements, and the motion to continue the injunction is denied, with $10 costs. All concur.